The Honorable Mark McCune Prosecuting Attorney Twenty-First Judicial District 206 South 3rd Street Van Buren, AR 72956
Dear Mr. McCune:
You have requested my opinion concerning a matter that arisen involving two levee districts.
You have provided the following information:
 The Crawford County Levee District #1 was created by Special Act 67 of Arkansas Legislature in 1909 and amended by Special Act 16 of 1911. The Van Buren Levee District #1 was created by Ordinance passed by the City Council of the City of Van Buren in 1947. These districts are adjacent. Part of the Crawford County Levee District #1 lies within the corporate limits of the City of Van Buren. A Van Buren city official mistakenly authorized a privately owned water line to be placed in the levee that is encompassed within the boundary of Crawford County Levee District #1. The board of Crawford County Levee District #1 does not want to be responsible for the line placed through the levee and desires to either have the water line removed or transfer the property to Van Buren Levee District #1.
In light of this background, you have presented the following question:
 Does the Crawford County Levee District #1 have authority not only to transfer ownership of the portion of the levee in question but also to change the boundary lines of the two districts by transferring authority of the portion of the levee to Van Buren Levee District #1?
RESPONSE
The answer to your question is unclear under state law.
I note as an initial matter that I do not have enough factual information about the two levee districts to determine precisely which state laws govern them. Various state laws are applicable to certain types of levee districts. See A.C.A. § 14-120-101 through A.C.A. § 14-124-116. Levee districts that were created by special acts, as was the Crawford County Levee District #1, are automatically brought within the governance of certain general laws. See, e.g., A.C.A. § 14-121-208; A.C.A. §14-120-501; A.C.A. § 14-123-301; A.C.A. § 14-123-412. In addition, levee districts that were created by special acts are authorized to opt to take certain actions under other general laws. See, e.g., A.C.A. §14-120-101; A.C.A. § 14-120-105; A.C.A. § 14-120-106; A.C.A. §14-120-109; A.C.A. § 14-120-112; A.C.A. § 14-120-507; A.C.A. §14-123-316. You have not indicated whether the Crawford County Levee District #1 has ever acted pursuant to such general laws. Although you have stated that the Van Buren Levee District #1 was created by city ordinance in 1947, you have not indicated the particular statutory authority under which the ordinance was enacted. I am assuming that it was enacted under the authority of Act 23 of 1947 (codified at A.C.A. §14-91-301 et seq.)
Even if I were provided with this type of factual information about the two levee districts, I would nevertheless be unable to answer your question definitively. Although state law is clear in authorizing a transfer of property by a levee district, and in separately authorizing a levee district's acceptance of a transfer of property, state law is unclear as to whether a transfer of property by one levee district and the acceptance of that property from another levee district would be permissible if the effect of the transfer would be to change the boundaries of the two levee districts. Only one statute, A.C.A. §14-123-205, explicitly addresses the issue of a change in the boundaries of a levee district (other than the separation of districts, A.C.A. §14-121-604; the annexation of property to a district, A.C.A. §14-121-703; the consolidation of districts, A.C.A. § 14-123-204; or the dissolution of a district, A.C.A. § 14-121-1002). The statute addressing the issue of changes in district boundaries, A.C.A. § 14-123-205, authorizes the county court to "change or alter the boundaries of existing levee district at any regular term." Id. However, this provision is not particularly helpful in answering your question, because it is not clear that it applies to any levee districts other than those created pursuant to the procedure set forth in under the authority of A.C.A. §14-123-202. Although this provision existed at the time of the enactment of Act 67 of 1909, creating the Crawford County Levee District #1, Act 67 makes no mention of it, nor is there any indication that any action has been taken since that time that would bring the Crawford County Levee District #1 within its governance. State law contains no other provision addressing the issue of changes in the boundaries of levee districts.
As previously indicated, state law is clear in authorizing the Crawford County Levee District #1 to transfer ownership of its real property.Act 67 of 1909, which created the Crawford County Levee District #1, expressly authorized the District's board of directors to sell property. The Act stated:
 The directors herein named, and their successors in office, shall constitute and are hereby declared to be a body politic incorporated by the name and style of the "Board of Directors of Crawford County Levee District," and by that name may sue and be sued, plead and be impleaded, own, hold and sell real and personal property, and have perpetual succession for the purposes hereinafter designated.
Acts 1909, No. 67, § 2 (emphasis added).
The above-quoted provision unambiguously authorizes the board of directors of the Crawford County Levee District #1 to transfer real property owned by the District.
Before returning to the question of the effect of a property transfer upon boundary lines, I will note that State law also authorizes the Van Buren Levee District #1 to acquire property. This authority arises out of A.C.A. § 14-91-307, which governs certain levee districts that were created by municipalities. That provision states:
 A municipal levee or flood control improvement district may acquire and occupy all lands and rights-of-way reasonably necessary or desirable for the construction, operation, and maintenance of levees and flood control projects.
A.C.A. § 14-91-307.
You have not indicated whether the Van Buren Levee District #1 is agreeable to the transfer from the Crawford County Levee District #1. Although state law does not expressly address the question, it is doubtful that the Crawford County Levee District could transfer the property in question to the Van Buren Levee District against the latter's will. If the board of the Van Buren Levee District determined that it did not deem the transfer to be "reasonably necessary or desirable" for its purposes as a District, as required by A.C.A. § 14-91-307, quoted above, it could likely repudiate the transfer.
As mentioned previously, the question of whether the Crawford County Levee District #1 has the authority to change its own boundary lines (as well as those of the Van Buren Levee District # 1) by way of a transfer of property is unclear under state law. Act 67 of 1909, by which the district was created, recited the specific boundaries of the district.Act 16 of 1911 revised the district's boundaries, specifically reciting new boundaries. Because these specific recitations are provisions of state law, these provisions could be interpreted as an indication that neither the board nor any other local authority has the authority to change the boundaries. On the other hand, the Act makes reference to the board "adjusting and preparing a list of lands subject to the levee tax." Acts 1909, No. 67, § 5 (emphasis added). The fact that the board can adjust the amount of property within its purview, coupled with the board's express authority to acquire and sell property, see Acts1909, No. 67, § 2, quoted previously, could be interpreted as an implicit indication that the board may have the authority to change the boundaries of the district in this way. Moreover, the board is authorized to make by-laws and regulations and to "do all other acts . . . which they may deem proper" for the purposes of the district. See Acts 1909, No. 67, § 2. Such by-laws, regulations, and "other acts" should be consulted to determine whether the board itself has ever addressed the issue. The board, of course, must act in accordance with state law, and because state law is unclear on this issue, the permissibility of any by-law or regulation addressing the issue will be equally unclear. Id. This is a matter that could benefit from legislative clarification.
It should be noted that if the transfer you have described is completed to the satisfaction of both districts, and assuming that it is permissible under state law, each district must adjust its assessment rolls as appropriate to reflect any change brought about by the transfer.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MIKE BEEBE Attorney General